**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGEL ROSADO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  17-CV-02210 |
| | ) | |
| v. | ) | Hon. Judge Joan H. Lefkow |
| | ) | |
| OFFICER ABRAHAM MORA, et. al. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, ANGEL ROSADO, by and through his attorney Tia L. Haywood of Haywood Monte Law Offices, complaining of Defendants, Officers Mora, Heyden, Baldassano, Delcid, Apacible, and Korhonen (collectively "Defendant Officers"), individually, and the City of Chicago, a municipal corporation, as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to address deprivations of Plaintiffs' rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

### VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).  The events alleged within all occurred in the Northern District of Illinois.

## THE PARTIES

4.  The Plaintiff, Angel Rosado, is a resident of the Northern District of Illinois.

5.  The Defendants, Police Officers Mora Heyden, Baldassano, Delcid, Apacible and Korhonen, herein after referred to as "Defendant Officers," are present or former employees of the City of Chicago. Defendant Officers engaged in the conduct complained of while on duty, in the course and scope of their employment and under color of law. They are sued in their individual capacity.

6.  Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers. At all times relevant hereto, Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## BACKGROUND

7.  On or about September 1, 2015, the Plaintiff was driving and had just arrived in the area of 4710 S. Wallace St. in Chicago, Illinois.

8.  After he parked and exited his vehicle, Plaintiff was approached by one or more of the Defendant Officers with guns drawn.

9.  The Plaintiff was not committing and had not committed any crimes.

10. The Defendant Officers effected a stop of the Plaintiff without reasonable suspicion or probable cause.

11. One of the Defendant Officers handcuffed Plaintiff.

12. After Plaintiff was handcuffed, one of the Defendant Officers searched Plaintiff and did not recover any contraband.

13. The Plaintiff was later placed in a squad car and transported to Homan Square, a Chicago Police Department holding facility where he was interrogated until September 2, 2015.

14. One of Defendant Officers contact Plaintiff's parole officer.

15. On September 2, 2015, Plaintiff was ultimately transported to the police station.

16. When the search of Plaintiff produced nothing illegal, the Defendant Officers searched the interior of Plaintiff's vehicle without a warrant, exigent circumstances, consent, or other legal justification or cause.

17. Nothing illegal was recovered from Plaintiff's vehicle.

18. On or about September 2 or 3, 2015, Plaintiff was transferred to the Illinois Department of Corrections.

19. There was no probable cause for the Plaintiff's arrest.

20. The Defendant Officers falsely charged the Plaintiff with possession of a controlled substance.

21. The charges against Plaintiff were resolved in his favor on or about June 9, 2016 after the criminal court ruled on May 12, 2016 that the initial seizure of plaintiff was unconstitutional.

22. Plaintiff was in custody for several months as a result of this arrest.

23. On or about June 23, 2016, Plaintiff was ultimately released from Illinois Department of Corrections custody.

## CLAIM I
### 42 U.S.C. § 1983 - Unlawful Seizure/False Arrest/Failure to Intervene
### Against the Individual Defendants

24. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

25. Defendant Officers caused Plaintiff to be seized when they initially stopped Plaintiff on 47th and Wabash Street.

26. As described above, the Defendant Officers detained and arrested Plaintiff without justification and without probable cause, thus violating Plaintiff's rights under the United States Constitution.

27. The initial stop and seizure of the Plaintiff was without reasonable suspicion, lawful justification, and probable cause, thus violating Plaintiff's rights under the United States Constitution.

28. As one or more of the Defendant officers seized and arrested the Plaintiff in the manner described above, the other Defendants were present, observed their co-Defendants' unlawful actions, and failed to take any action to intervene.

29. Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

30. As a direct and proximate cause of the conduct of the Defendant Officers, Plaintiff suffered damages, including without limitation violations of his constitutional rights, loss of liberty, emotional anxiety, fear, monetary expense, legal fees and pain and suffering.

WHEREFORE, the Plaintiff prays for judgment against the Defendant Officers, jointly and severally, for reasonable compensatory and punitive damages, plus costs and attorneys' fees, and such other and additional relief as this Court deems equitable and just.

**<u>CLAIM II</u>**
**42 U.S.C. § 1983- Fourth Amendment Unlawful Detention**
**Against the Individual Defendants**

31. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

32. Plaintiff's seizure was unsupported by probable cause when he was initially detained, and again when he was detained following the charges being resolved in his favor.

33. Despite that, Defendant Officers initiated and caused Plaintiff's seizure pursuant to legal process.

34. Defendant Officers' conduct as described above was undertaken intentionally or with reckless disregard to the lack of probable cause.

35. Defendant Officers' conduct was undertaken with the intent to deceive.

36. The criminal charges brought against Plaintiff by or because of Defendant Officers was resolved in Plaintiff's favor.

37. Plaintiffs bring this Fourth Amendment unlawful detention claim pursuant to the March 22, 2017 ruling by the Supreme Court of the United States in the matter of *Elijah Manuel v. City of Joliet, Illinois, et al*. No. 14-9496.

WHEREFORE, the Plaintiff prays for judgment against Defendants Officers, jointly and severally, for reasonable compensatory and punitive damages, plus costs and attorneys' fees, and such other and additional relief as this Court deems equitable and just.

**CLAIM III**
**42 U.S.C. §1983 – Illegal Search/Failure to Intervene**
**Against the Individual Defendants**

38. Plaintiff re-alleges and reincorporates all previous paragraphs.

39. The actions of the Defendant Officers constitute a warrantless, unreasonable, and unjustifiable search of Plaintiff and Plaintiff's vehicle without probable cause or reasonable suspicion, thus violating his rights under the United States Constitution.

40. As one or more of the Defendant officers searched the Plaintiff and his vehicle in the manner described above, the other Defendants were present, observed their co-Defendants' unlawful actions, and failed to take any action to intervene.

41.  The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to Plaintiffs' rights.

42.  As a direct and proximate result of the wrongful actions of Defendants, Plaintiffs suffered damages, including without limitation vio0lation of his constitutional rights, emotional distress, loss of liberty, fear and pain and suffering.

WHEREFORE, the Plaintiff prays for judgment against Defendants Officers, jointly and severally, for reasonable compensatory and punitive damages, plus costs and attorneys' fees, and such other and additional relief as this Court deems equitable and just.

**CLAIM IV**
**42 U.S.C. § 1983 – Due Process**
**Conspiracy/Fabricated Evidence/Abuse of Process**
**Against the Individual Defendants**

43.  Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

44.  Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

45.  The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall derive a person of life, liberty or property without due process of law. The individual Defendants' conduct violated Plaintiffs' rights to due process.

46.  Beginning on September 1, 2015, through and including the eventual dismissal of Plaintiff's criminal charges, Defendant Officers expressly or impliedly formed an agreement amongst themselves to deprive Plaintiff of his due process rights as guaranteed by the United States Constitution.

47.  In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

6

48. Plaintiff was prejudiced by the above described actions of the Defendant Officers because false statements made by Defendant Officers Mora and Korhonen were made with the knowledge that they were false and perjured. In doing so, Defendant Officers Mora and Korhonen fabricated evidence and withheld exculpatory information.

49. Disclosure of the suppressed, exculpatory evidence would have affected the prosecutions decision to continue the criminal prosecution.

50. The individual Defendant Officers also failed to inform the State's Attorney of their misconduct up to and including the dismissal of charges against Plaintiff.

51. The conduct described above was done willfully, wantonly and intentionally to obstruct justice and deprive Plaintiffs of their due process rights.

52. As a result of the foregoing, Plaintiffs were injured including loss of liberty, emotional distress, legal fees, and other damages.

WHEREFORE, the Plaintiff prays for judgment against Defendants Officers, jointly and severally, for reasonable compensatory and punitive damages, plus costs and attorneys' fees, and such other and additional relief as this Court deems equitable and just.

## CLAIM V
### State Claim – Malicious Prosecution
### Against the City of Chicago

53. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

54. The Defendant Officers willfully and wantonly initiated legal proceedings against Plaintiff, and/or caused these legal proceedings to continue against him, without probable cause.

55. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, the Defendant Officers created false and/or inaccurate police reports and/or made false statements to other police officers and prosecutors.

56. The legal proceedings against Plaintiff were terminated in his favor.

57. As a direct and proximate result of Defendant Officers' malicious prosecution, Plaintiff suffered injury, including without limitation loss of liberty and emotional and financial damages, which will be proven at trial.

58. The misconduct was undertaken by Defendant Officers within the scope of their employment and under the color of law such that their employer, the City of Chicago, is liable for those actions.

WHEREFORE, the Plaintiff prays for judgment against Defendants Officers, jointly and severally, for reasonable compensatory and punitive damages, plus costs and such other and additional relief as this Court deems equitable and just.

## CLAIM VI
**State Claim – Conspiracy to Commit Malicious Prosecution
Against Defendant City of Chicago**

59. Plaintiff re-alleges and incorporates all of the allegations of the preceding paragraphs.

60. On or about September 1, 2015, through and including the date of filing of this lawsuit, Defendant Officers agreed and combined to conspire to maliciously prosecute Plaintiff.

61. Defendant Officers each and every one of them, agreed and/or combined to engage in a civil conspiracy to commit the unlawful acts as described in this Complaint.

62. The Defendant Officers and each and every one of them, combined to engage in a civil conspiracy of which the principal element was to inflict wrongs against and/or injury by maliciously prosecuting the Plaintiff as described in this Complaint.

63. The Defendant Officers and each and every one of them, combined to engage in a civil conspiracy that was furthered by overt acts, including but not limited to, swearing out false reports and giving false statements.

64. The Defendant Officers each and every one of them, understood, accepted, and/or explicitly and/or implicitly agreed to the general objectives of their scheme to inflict the wrongs and injuries on the Plaintiffs as described in the Complaint.

65. The Defendant Officers each and every one of them, combined to engage in a scheme which was intended to violate the rights of the Plaintiff.

66. All of the misconduct described in this Complaint was undertaken within the scope of Defendant Officers' employment such that Defendant City of Chicago is liable for the torts of its agents

WHEREFORE, the Plaintiff prays for judgment against Defendant City of Chicago for compensatory damages, punitive damages, costs, and such other additional relief that this Court deems equitable and just.

## CLAIM VII
## State Claim – False Imprisonment

67. Plaintiff re-alleges and incorporates all previous paragraphs.

68. On the basis of Defendant Officers' unlawful conduct, Plaintiff was improperly detained without legitimate probable cause, resulting in injury.

69. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

70. As a result of the above-described conduct, Plaintiff was injured, including the loss of liberty, emotional damage, and lost wages.

71. All of the misconduct described in this Complaint was undertaken within the scope of Defendant Officers' employment such that the Defendant City of Chicago is liable for the torts of its agents.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and that he be awarded compensatory and punitive damages, costs, and expenses and such other further relief that this Honorable Court deems just.

### CLAIM VIII
### State Claim – Intentional Infliction of Emotional Distress
### Against Defendant City of Chicago

72. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

73. The acts and conduct of Defendant Officers set forth above were extreme and outrageous.

74. Said conduct included failing to investigate the circumstances surrounding Plaintiff's arrest and criminal charges and providing false reports.

75. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

76. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

77. Defendant Officers' misconduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

78. As a proximate result of Defendant Officers wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

79. All of the misconduct described in this Complaint was undertaken within the scope of Defendant Officers' employment such that the Defendant City of Chicago is liable for the torts of its agents.

WHEREFORE, the Plaintiff prays for judgment against the Defendant City of Chicago for compensatory damages, costs, and such other additional relief as this court deems equitable and just.

**CLAIM IX**
**Indemnity Claim - 745 ILCS 10/9-102**
**Against City of Chicago**

80.   Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

81.   Defendant City of Chicago is the employer of Defendant Officers.

82.   Defendant Officers committed the acts alleged above under color of law and in the scope of

their employment as an employee of the City of Chicago.

83.   In Illinois, public entities are directed to pay for any tort judgment for compensatory

damages for which employees are liable within the scope of their employment activities.  745

ILCS 10/9-102.

84.   As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope

of their employment activities, Plaintiffs suffered emotional injuries.


        WHEREFORE, Plaintiffs demands judgment against the City of Chicago for

compensatory damages, attorneys' fees, costs, and such other additional relief as this Court

deems equitable and just.


                                **PLAINTIFFS DEMAND TRIAL BY JURY.**

                                Respectfully submitted,

                                ANGEL ROSADO

                                By His Attorney:
                                s/Tia L. Haywood
                                Tia L. Haywood

                                Haywood Monte Law Offices
                                601 S. California Ave.
                                Chicago, Illinois 60612
                                312-226-4590