IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL ROSADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17 C 2210 |
| ) | |
| OFFICER ABRAHAM MORA, OFFICER ) | Judge Joan H. Lefkow |
| PAUL HEYDEN, OFFICER VINCENT ) | |
| BALDASSANO, OFFICER ROBERTO ) | |
| DELCID, OFFICER JONATHAN APACIBLE, ) | |
| OFFICER SCOTT KORHONEN, and ) | |
| THE CITY OF CHICAGO, a municipal ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants Officers Mora, Heyden, Baldassano, Delcid, Apacible, Korhonen, and the City of Chicago's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), counts 2, 4, 7, and 8 of Rosado's first amended complaint (dkt. 47) is granted in part and denied in part. See Statement.[1]

## STATEMENT[2]

On or about September 1, 2015, Rosado, parked his car on a Chicago street and exited. Though he was not committing any crime, Rosado was approached by police officers with their guns drawn. The officers did not have reasonable suspicion or probable cause to stop him. One of the officers handcuffed Rosado, but no contraband was found on his person or in his vehicle. The officers did not have a warrant to search the vehicle. Rosado was then transported to a Chicago Police Department holding facility and interrogated until the next day. One of the defendant officers contacted Rosado's parole officer. Rosado was transferred to the Illinois Department of Corrections on September 2 or 3, 2015.

Rosado was charged with possession of a controlled substance. On May 12, 2016, an Illinois state court ruled that the initial seizure of Rosado was unconstitutional. Subsequently, on June 9, the case was terminated *nolle prosequi*.[3] Rosado was released from custody on June 23, 2016.

---

[1] The court has jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b) because substantially all of the events giving rise to the claims occurred in this district.

[2] Unless otherwise noted, the following facts are taken from plaintiff's first amended complaint.

[3] Defendants attached a copy of the Cook County docket to their motion. Rosado does not dispute the accuracy of this document, of which the court takes judicial notice.

On March 22, 2017, Rosado filed a four-count complaint. On January 31, 2018, Rosado filed an amended complaint, adding five additional counts: claims under 42 U.S.C. § 1983 against the officer defendants for unlawful detention in violation of the Fourth Amendment (count 2) and "due process conspiracy / fabricated evidence / abuse of process" against the individual defendants (presumably in violation of the Fourteenth Amendment) (count 4), as well as state law claims for conspiracy to commit malicious prosecution against the City of Chicago (count 6), false imprisonment (count 7), and intentional infliction of emotional distress (count 8). Defendants move to dismiss counts 2, 4, 7, and 8.[4]

**Fourth Amendment Violation (Count 2)**

Defendants argue that Rosado's Fourth Amendment false imprisonment claim is untimely. Rosado counters that his amended claim relates back to the date of the original pleading pursuant to Federal Rule of Civil Procedure 15(c). Additionally, the parties disagree over the proper accrual date for the claim. Defendants contend that Rosado's claim accrued on October 8, 2015, the date of his arraignment—that is, when he was first held pursuant to a judicial order. Rosado, on the other hand, argues that his claim did not accrue until his release from custody.

"The statute of limitations for § 1983 claims in Illinois is two years." *Gekas* v. *Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). After the parties had submitted their briefs, the Seventh Circuit held that a § 1983 claim for detention without probable cause in violation of the Fourth Amendment accrues the date the plaintiff is released from custody. *Manuel* v. *City of Joliet, Illinois*, No. 14-1581, 2018 WL 4292913, at *1 (7th Cir. Sept. 10, 2018).

Here, Rosado was released on June 23, 2016. Accordingly, because he filed count 2 within two years of that date, it is not untimely. Defendants' motion to dismiss count 2 is therefore denied.

**Due Process Violation (Count 4)**

Count 4 is premised on "false statements made by Defendant Officers Mora and Korhonen [that] were made with the knowledge that they were false and perjured. In doing so, Defendant Officers Mora and Korhonen fabricated evidence and withheld exculpatory information." (Dkt. 43 ¶ 48.) Defendants argue that the claim should be viewed through the lens

---

[4] The court applies the well-established legal principles for assessing a motion to dismiss under Rule 12(b)(6). See *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (holding that although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do; also, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Tamayo* v. *Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

of *Brady v. Maryland*, 373 U.S. 83 (1963), because it "focus[es] on the withholding of exculpatory information." (Dkt. 47 at 5.) Defendants may be correct that this would not constitute a *Brady* violation. *See Carvajal* v. *Dominguez*, 542 F.3d 561, 567 (7th Cir. 2008) ("It is already established law that *Brady* does not extend so far as to provide relief in a situation where a police officer makes a false statement to a prosecutor." (quotation omitted)). But the court is not convinced the claim should be viewed solely through the lens of *Brady*.

Defendants cite to *Saunders* v. *City of Chicago*, 2013 WL 6009933 (N.D. Ill. Nov. 13, 2013), for the proposition that a plaintiff's "allegations of evidence fabrication do not state a cognizable due process claim under well-established Seventh Circuit law." *Id.* at *8. The court notes that the *Saunders* court later reinstated the plaintiffs' due process claims based on fabricated evidence. *Saunders* v. *City of Chicago*, No. 12-CV-09158, 2014 WL 3535723, at *1 (N.D. Ill. July 11, 2014). Indeed, as the Seventh Circuit recently stated, "[t]he Fourteenth Amendment's Due Process Clause . . . forbids the state from depriving a person of liberty (including by pre-trial detention) based on manufactured evidence." *Hurt v. Wise*, 880 F.3d 831, 843 (7th Cir. 2018) (citations omitted). Here, drawing all inferences in favor of Rosado, the court infers that the first amended complaint alleges that the defendant officers conspired to not expose the fabricated evidence, i.e., false statements made by Officers Mora and Korhonen. Accordingly, defendants' motion to dismiss count 4 is denied.

**State Law Claims for False Imprisonment and Intentional Infliction of Emotional Distress (Counts 7 and 8)**

Defendants argue that Rosado's state law claims for false imprisonment (count 7) and intentional infliction of emotional distress (count 8) should be dismissed as untimely. Each is subject to a one-year statute of limitations. *See* 745 ILCS 10/8-101.

Defendants argue that Rosado's state law claim for false imprisonment accrued when he was arraigned on October 8, 2015.[5] Rosado agrees, meaning that his claim was already time-barred when he filed his original complaint on March 22, 2017.[6] He attempts to save the claim, however, by arguing that a new period of false imprisonment began on June 9, 2016. That is the date the state case was listed as *nolle prosequi*; yet Rosado remained in prison until June 23. Rosado provides no legal support as to why this time period would constitute a new period of

---

[5] This information comes from the copy of the Cook County docket attached to defendants' motion.

[6] Courts in this district disagree as to when an Illinois claim for false imprisonment accrues. *Compare Padilla* v. *City of Chicago*, No. 07 CV 5253, 2011 WL 3793413, at *7 (N.D. Ill. Aug. 24, 2011) ("[T]he statute of limitations for [an Illinois state law] false imprisonment claim begins to accrue when a person is first falsely imprisoned since the person presumably knows he was falsely imprisoned.") *with Hawks* v. *Gade*, No. 16 C 4944, 2018 WL 2193197, at *5 (N.D. Ill. May 14, 2018) ("Under Illinois law . . . claims for false imprisonment accrue at the time of release from the wrongful imprisonment.") *with Rivas* v. *Levy*, No. 11 C 02738, 2015 WL 718271, at *9 (N.D. Ill. Feb. 18, 2015) ("[An Illinois state law] claim for false imprisonment accrues when the plaintiff is held pursuant to a warrant or other judicial process."). Because Rosado accedes to defendants' interpretation, the court does not address the issue.

3

false imprisonment. Nor does he seek to buttress his argument by pointing to any allegations in the amended complaint. The court therefore considers the argument waived. *See Argyropoulos* v. *City of Alton*, 539 F.3d 724, 738 (7th Cir. 2008) (stating that a "perfunctory and undeveloped" argument is waived). Accordingly, count 7 is dismissed.

Defendants also argue that Rosado's state law claim for intentional infliction of emotional distress accrued when he was arrested on September 1, 2015, and therefore the statute of limitations ran more than six months before Rosado filed his original complaint on March 22, 2017. The court agrees. "[A] claim of intentional infliction of emotional distress in the course of arrest and prosecution accrues on the date of the arrest." *Bridewell* v. *Eberle*, 730 F.3d 672, 678 (7th Cir. 2013). Rosado argues that the IIED claim should be considered a continuing tort in this circumstance; accordingly, the statute did not run until Rosado was released from custody on June 23, 2016. But the Seventh Circuit addressed and dismissed this very argument in *Bridewell*. *Id.* at 678 ("The idea that failing to reverse the ongoing effects of a tort restarts the period of limitations has no support in Illinois law—or in federal law either."). Count 8 is dismissed.

Date: October 4, 2018

U.S. District Judge Joan H. Lefkow