IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL ROSADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17 C 2210 |
| ) | |
| OFFICER ABRAHAM MORA, OFFICER ) | Judge Joan H. Lefkow |
| PAUL HEYDEN, OFFICER VINCENT ) | |
| BALDASSANO, OFFICER ROBERTO ) | |
| DELCID, OFFICER JONATHAN APACIBLE, ) | |
| OFFICER SCOTT KORHONEN, and ) | |
| THE CITY OF CHICAGO, a municipal ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendants' motion to deem certain matters admitted (dkt. 64) is granted in part and denied in part. See Statement.

**STATEMENT**

**I.     Background**

Rosado alleges that defendants, police officers and the City of Chicago, wrongfully arrested him in 2015. (*See* dkt. 70 at 1–2.) The defendants served requests for admission on Rosado under Rule 36, asking him to admit, among other things, that he made certain statements on the phone with his wife while he was in jail. In an amended response, Rosado objected to some of these requests and admitted others in part but claimed that he lacked information to answer completely. Defendants then moved to deem all these requests admitted in full.[1]

---

[1] Plaintiff argues that this court should not consider the motion because defendants violated Local Rule 37.2, which compels counsel to attempt to resolve discovery disputes through consultation and describe those attempts in any discovery motions. Although defense counsel did not consult with plaintiff's counsel until after filing the motion, she ultimately did so (without success) and described her efforts in the reply brief. The court considers Local Rule 37.2 satisfied.

## II.  Legal Standard

Rule 36 permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters," which, if admitted, "conclusively establish" those matters for the rest of the litigation. Fed. R. Civ. P. 36(a)(1), (b). Within thirty days, the receiving party must specifically admit, deny, object, or explain in detail why they cannot respond; failure to respond is treated as an admission. Fed. R. Civ. P. 36(a)(3)–(5). The requesting party may "move to determine the sufficiency of an answer or objection," and if either is insufficient, "the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

## III.  Analysis

### A.  Rosado's Objections

The defendants challenge Rosado's objections to requests 14–17, 22–25, and 30. In various permutations, Rosado objected that: (1) The requests called for information protected by the marital communications privilege; (2) A recording of the phone calls, rather than an admission, is the best evidence under Federal Rule of Evidence 1002; and (3) The statements are taken out of context and therefore more of the conversation should be admitted under Federal Rule of Evidence 106.

Rosado's communications with his wife over a jail phone were not privileged. "[T]he marital communications privilege protects only communications made in confidence . . . ." *United States* v. *Madoch*, 149 F.3d 596, 602 (7th Cir. 1998). Because it is well known that prisons and jails monitor phone calls for penological reasons, the privilege does not apply when the "spouse seeking to invoke the communications privilege knows that the other spouse is incarcerated . . . ." *Id.* Because Rosado knew that one end of the spousal communication—his—came from a monitored jail phone, he did not communicate in confidence, and the privilege does not apply. Rosado asserts that he and his wife spoke in code to hide their meaning. But if true, this would show only that he knew his communications were not confidential, as people need only speak in code if they worry that they might be overheard. The privilege objections are unjustified.

Citing Federal Rule of Evidence 1002, Rosado also objects that he should not have to admit the contents of his conversations because the recording of those conversations is the "best evidence." This objection misunderstands requests for admission, which exist to relieve parties of the burden of introducing evidence, let alone the best evidence, to prove undisputed matters. *United States* v. *Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) ("Rule 36 allows parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree."). Hence, Rule 36 admissions are not limited to matters admissible in evidence. Fed. R. Civ. P. 36(a)(1) (requests for admission may cover "any matters within the scope of Rule 26(b)(1)"); Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence . . . ."); *cf. Booth Oil Site Admin. Grp.* v. *Safety-Kleen Corp.*, 194 F.R.D. 76, 81 (W.D.N.Y. 2000) ("[T]hat a requested admission may involve hearsay is not disqualifying as statements of fact even if based on hearsay nevertheless present issues which if

not admitted will require admissible evidence for their proof at trial."). And in any event, "the 'best evidence rule' is inapplicable" when, as here, a party seeks "to prove the contents of a conversation, not the contents of a tape recording." *United States* v. *Rose*, 590 F.2d 232, 237 (7th Cir. 1978). The "best evidence" objections are unjustified.

Finally, Rosado objects that under Federal Rule of Evidence 106 he should not have to admit portions of his statements without more context. Like the best evidence objection, this is an inappropriate evidentiary objection to a discovery issue. And admitting under Rule 36 that Rosado made the quoted statements does not preclude him from later providing otherwise-admissible context. The completeness objections are unjustified.

The proper remedy is to deem these matters admitted. "Unless the court finds an objection justified, it must order that an answer be served." Fed. R. Civ. P. 36(a)(6). But this rule contemplates that the responding party objects instead of answering, whereas Rosado in every instance objected and then admitted the request "subject to and without waiving" his objection. (*See* dkt. 64-3 at 4–8.) Rosado need not serve a new answer; the court accepts his admissions. Although some of those admissions are styled "partial," they are in fact complete admissions that restate the unjustified Rule 106 objection. (*E.g.*, Doc. 64-3 at 5 ("Plaintiff partially admits that he said the above-quoted phrases but believe[s] that for completeness his entire conversation regarding this matter should be admitted.") The court therefore deems those requests admitted in full. Defendants' motion is granted as to requests 14–17, 22–25, and 30.

## B. Rosado's Partial Admissions

The defendants also challenge the sufficiency of Rosado's partial responses. Requests 18 and 26 asked Rosado to admit that he was "incarcerated in Stateville Correctional Center on" certain dates. In response to both, Rosado admitted that he was incarcerated but could not recall where. "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). Rosado's only effort outlined in the response is canvassing his own memory, which the court finds was not a reasonable inquiry. The motion is granted as to requests 18 and 26.

Requests 19 and 27 asked Rosado to admit that he made phone calls at precise times to specific telephone numbers. Rosado admitted that he made the calls and stated that although he did not remember the precise time, the date and time in defendants' requests matched the time-stamp on a recording of the call. Implicit in Rosado's response is that he reviewed discovery material to answer the request, which the court finds constituted a reasonable inquiry. The motion is denied as to requests 19 and 27; Rosado's partial admission—that he made the calls but lacks knowledge of precisely when—stands.

**IV.     Conclusion**

       Defendants' motion to deem matters admitted is granted as to requests 14–18, 22–26, and 30; and denied as to requests 19 and 27.

Date:   October 25, 2018

_____
U.S. District Judge Joan H. Lefkow